*Litchfield,*
*June,*
*1823.*

Giddings
*v.*
Canfield.

—◦●◦—

## MITCHELL *against* HAZEN.

The grantor of a deed, acting as administrator of the estate of *A.*, under a *general* order of sale for the payment of debts from the court of probate, and being in fact in possession of the land described in the deed, covenanted in such deed, that he, at the execution thereof, *was well seised of the premises in fee-simple, and had good right to sell the same.* The premises were parcel of a farm of land owned and held in common by *C.*, the heirs of *A.*, and the heirs of *B* in unequal proportions ; and the deed purported to convey, by metes and bounds, a part only of the estate so held in common. Held, that no title passed, by such deed, the grantor being legally capable of conveying only an undivided proportion of the whole estate held in common ; and consequently, that the covenants were broken instantaneously on the execution of the deed.

To constitute a breach of the covenants of seisin and of good right to convey, an eviction is not necessary.

A general power of sale, for the payment of debts, given, by the court of probate, to an administrator, authorizes him to execute such an instrument only, as is legally proper for the conveyance of the estate to be sold.

Whenever a person undertakes to stipulate for another, by an instrument under seal, without authority, or beyond his authority, he is answerable personally, for the non-performance of the contract.

If a person choose to bind himself, by a personal covenant, he is legally liable for a breach of it, although he describe himself as covenanting as trustee, agent, executor or administrator.

Therefore, where the grantor of a deed, purporting to convey the estate of an intestate, described himself as "administrator of the estate" of such intestate, stated his power to sell as derived from an order of the court of probate for that purpose, and signed the deed with the addition of " administrator" to his name ; in which deed he covenanted as follows : "I, the said grantor, do, for myself, my heirs, executors and administrators, covenant with the said grantee, his heirs and assigns, that I am well seised," &c. it was held, that the grantor, by such covenant, bound himself *personally*.

Where land was held in common, by *A. B.* and *C.*, and after the death of *B.* and *C.*, distributions of their respective interests were made, by order of the court of probate ; it was held, that such distributions were irrelevant and inadmissible to establish a title in severalty.

*Litchfield,*
*June,*
*1823.*

*Mitchell*
*v.*
*Hazen.*

The rule of damages for a breach of the covenants of seisin, and of good right to convey, is, the consideration paid, with the interest.

The rule is the same, whether the grantee has been in possession of the land, or not; for the money due to the owner for rents and profits, constitutes a distinct and separate claim.

This was an action on the covenants of *seisin* and of *good right to convey* in a deed, alleged to have been executed by the defendant, " by the name and description of *Elijah Hazen,* administrator of the estate of *David Mitchell,* late of *Washington,* deceased."

The cause was tried, on a general plea of performance, at *Litchfield, August* term, 1822. before *Brainard,* J.

The plaintiff produced and read in evidence the deed mentioned in the declaration; the material parts of which were as follows : " Know ye, that I, *Elijah Hazen,* of *Washington,* administrator on the estate of *David Mitchell,* late of *Washington,* deceased, agreeable to an order of the court of probate for the district of *Woodbury,* thereunto enabling and empowering me, for the consideration of one thousand thirty-seven dollars, and fifty-two cents, received to my full satisfaction of *Timothy Mitchell,* of *Washington* aforesaid, give, grant, bargain, sell and confirm unto the said *Timothy* the following pieces of land lying in *Washington;* the first piece is the one half of thirteen acres of land lying in common with *Samuel Leavitt,* with half the barn thereon standing, bounded, &c. part under incumbrance of widow's dower; the second piece is the one half of about thirty-six acres, lying part in common, and is bounded, &c. and is to contain all the land belonging to the estate of *David Mitchell* in the homestead that lies west of the road, except, &c. with one equal half of two dwelling-houses thereon standing, part of land and old house being under incumbrance of widow's dower ; the third piece is the one equal half of eight acres and one hundred and ten rods of land, lying in common with *Daniel N. Brinsmade* and *David Whittlesey,* Esqrs. bounded," &c. *Habendum* in common form. " And also I, the said *Elijah Hazen,* do, for myself, my heirs, executors and administrators, covenant with the said *Timothy Mitchell,* his heirs and assigns, that at and until the ensealing of these presents, I am well seised of the premises, as a good indefeasible estate in fee-simple, and have good right to bargain and sell the same, in manner and form as is above written, and that the same is free from all incumbrances whatsoever, except as

above. And furthermore, I, the said *Elijah Hazen*, do, by these presents, bind myself and the heirs of *David Mitchell*, forever, to warrant and defend the above granted and bargained premises to him, the said *Timothy Mitchell*, his heirs and assigns, against all claims and demands whatsoever. In witness whereof, I have hereunto set my hand and seal, the 21st day of *April, Anno Domini* 1812.

*Elijah Hazen*, Administrator." [L. S.]

At the time of the execution of this deed, the lands therein described, were part of a farm, owned and held in common, by *Simeon Mitchell*, the heirs of *Samuel Mitchell* deceased, and the heirs of *David Mitchell* deceased, in unequal proportion; the heirs of *Samuel* owning one third, and one quarter of a third, and *Simeon* and the heirs of *David* owning the residue, unless the proceedings touching the estate of *Samuel*, about to be mentioned, had vested all the rights of his heirs in *David* and *Simeon*. The plaintiff, therefore, claimed, that the deed conveyed to him no title to the lands therein described; because, by the terms thereof, it purported to convey an undivided interest in a part only of the estate so held in common, by metes and bounds, and not a proportional interest in the whole of the farm in common. The heirs of *David* and the heirs of *Samuel* were the same persons; *David* and *Samuel* being brothers, and having died without issue.

The defendant, in order to shew, that the heirs of *Samuel*, as such heirs, had no interest in the lands described in the deed, and that *David* and *Simeon*, at the death of *David*, were joint tenants of those lands, offered in evidence the following documents: 1st, an exemplification of the record of the court of probate for the district of *Woodbury*, within which *Samuel* died, shewing the granting of letters of administration on his estate, to his brother *David*, in 1799; an inventory of said estate, containing the interest of the intestate in the lands in controversy; an appraisement of the estate; a list of debts, amounting to 545 dollars, 93 cents; an order of sale of so much of the intestate's real estate as would amount to that sum; an order for the distribution of the residue of said estate; and a distribution, by metes and bounds, to the brothers and sisters of the intestate. 2nd, a copy of a deed from *David Mitchell*, as administrator on *Samuel's* estate, to *Elisha Hicock*, dated the 27th of *April*, 1799, purporting to convey, for the consideration of 550 dollars, four

*Litchfield,*
*June,*
*1823.*

Mitchell
*v.*
Hazen.

HARVARD LAW LIBRARY

*Litchfield,*
*June,*
*1823.*

*Mitchell*
*v.*
*Hazen.*

pieces of land, described by metes and bounds, including the lands in controversy : 3rd, a copy of a deed from *Hicock* to *David* and *Simeon Mitchell,* dated the same day, purporting to convey the same lands : 4th, an exemplification of the record of said court of probate, shewing a suggestion of the death of *David,* and the granting of letters of administration on his estate to the defendant, in *January,* 1811, a representation of insolvency, and appointment of commissioners ; an inventory of said estate, containing the supposed interest of the intestate. *viz.* one half, in the lands in controversy ; a report of commissioners ; an order for the sale of so much of the real estate of the intestate, as would amount to 1800 dollars ; an order for the distribution of the residue of said estate ; and a distribution, accepted *May* 11th, 1812, to the brothers and sisters of the intestate, by metes and bounds. It was admitted, that the plaintiff was one of the heirs of *Samuel* and *David ;* that no appeal had ever been taken from any of the orders mentioned in said records ; and that the time for taking such appeal had expired before the commencement of the present action.    The plaintiff objected to the admission of the deed from *David Mitchell* to *Hicock,* and of that from *Hicock* to *David* and *Simeon Mitchell ;* and also, to the admission of the distribution of the estates of *Samuel* and of *David* respectively, as contained in the records exhibited by the defendant.    To the admission of the other parts of such records, no objection was made.    The judge rejected the documents to which the objection applied : the others were read in evidence to the jury.

The defendant claimed, that *David Mitchell* died about seventeen years before the trial ; and that *Simeon* had been in the sole use and occupancy of the lands in question from the death of *David* until the time of the defendant's taking administration on *David's* estate ; when *Simeon* became a bankrupt, and absconded.    And the defendant offered evidence to shew, that immediately on his taking administration on said estate, and about one year before the date of said deed, he, entirely in virtue of his office of administrator, and as agent for *Simeon,* entered upon said lands, and used and occupied them.    It was admitted, that the plaintiff, immediately on the execution of the deed to him from the defendant, entered upon the lands therein described, and remained in the undisturbed use and occupancy thereof.    On this ground, the defendant claimed, that he had not broken any of the

covenants contained in his deed ; and prayed the judge so to instruct the jury.

The defendant also claimed, that if in law there was a breach, yet in consequence of such possession of the plaintiff, he was entitled to recover only nominal damages ; and the defendant prayed the judge so to instruct the jury.

The judge instructed the jury as follows : " The breach of covenant alleged consists in this, that the defendant sold the lands in severalty, by metes and bounds, whereas it was an estate in common ; that of such an estate in severalty he was not seised ; and that such an estate he had no right to convey. And here, the rule of law is, that if a tenant in common sells a portion of the estate in severalty,—*i. e.* by metes and bounds,—with covenants of seisin and warranty, and that he has good right to sell and convey the same, the deed conveys no title, and the grantor is liable on his covenants. He is not so seised ; neither has he right to sell and convey in manner and form. Of consequence, the covenants of seisin and of right to convey, are broken. But it is said, in this case, on the part of the defendant, that he acted by authority, and executed the deed as administrator, under an order from the court of probate. And here the law is so, that if a person executing a trust, and acting under authority of law, keeps within the lines of his trust and the limits of his authority, he cannot be answerable for such acts ; but if he exceeds them, by making covenants in behalf of others, or for himself, beyond the powers given, he must be personally responsible. The power of an administrator, under an order of a court of probate to sell, is only to convey the estate : he is the mere agent of the law to transfer the title of the deceased : he can bind no body, by covenants, except himself and his heirs. Although the grantor, at the commencement of the deed, take the character of administrator, yet if he covenants for himself and his heirs, that he is well seised of the premises in fee-simple, and that he has good right to sell and convey the same ; the law is so, that on these covenants he is *personally* liable for a breach. But the great question is, has the defendant broken his covenants of seisin and of good right to convey ? It is said, by the defendant, that he has not ; for that, at the time of the execution of the deed, he was in possession of the premises, both in law and in fact, claiming an authority to sell ; that under an order of the court of probate, he was so possessed ;

*Litchfield,*
June,
1823.

Mitchell
*v.*
Hazen.

*Litchfield,*
June,
1823.

*Mitchell
v.
Hazen.*

and that he had a right to convey, by authority of law, for that purpose ; and being so seised, at the time of the execution of the deed, no action on the covenants will lie until the plaintiff is evicted—until he is turned out of possession, by superior title. And here the law is so, that if a man is in possession of land, claiming it as his own,—claiming under his own title,—and conveys, with covenants of seisin and warranty, no action can be maintained against him until eviction—until the grantee is turned out of possession, by a better and higher title—notwithstanding, at the time of the execution of the deed, the grantor had no title. And here, Gentlemen, if you find, that at the time of the execution of the deed, the defendant was seised of the lands in question in severalty, by metes and bounds, as he has covenanted ; that he was in possession thereof, claiming them as his own in fee-simple, exclusively and adversely to all others ; then you will find the issue for the defendant, that he has fully kept and performed his covenants, and find for him his costs. But if you do not find, that the defendant was thus seised and possessed, at the date of the deed, but that his claim and possession was that of an administrator, and in right of *David Mitchell,* the intestate ; then you will find, that the defendant has not fully kept and performed his covenants, and find for the plaintiff to recover the sum of money paid as the consideration, with the interest thereon, together with his costs ; for in actions on covenants of seisin, when the title fails, this is the rule of damages."

The jury returned a verdict for the plaintiff ; and the defendant moved for a new trial.

*Benedict* and *D. S. Boardman,* in support of the motion, contended, 1. That the charge of the judge, before whom the cause was tried, in that part of it which states, that if the defendant, when he conveyed, was in possession under colour of title, and claiming the land as his own, the covenant of seisin was not broken, was correct. The cases relied on as establishing this position, were *Marston* v. *Hobbs,* 2 *Mass. Rep.* 437. 439., *Prescott* v. *Trueman,* 4 *Mass. Rep.* 631. and *Twombly* v. *Henley,* 4 *Mass. Rep.* 442. If the grantor was seised, the covenant of seisin is not broken ; nor is the covenant of a right to convey broken ; for a man seised has a right to convey. But the other part of the charge, which relates to the possession of the defendant as administrator, it

was insisted, was incorrect. *David Mitchell* owned a part, at any rate, and died possessed of it, and might have conveyed it. The administrator represents him, and might sell as he might.

2. That the charge was incorrect in this, that it stated, that no title passed, because the conveyance was by metes and bounds, and that the covenant, on this account, was broken.

The covenant of seisin does not extend to the *formal correctness* of the deed, nor to its sufficiency, but only to the fact of possession, and the consequent right to convey. *Marston* v. *Hobbs*, 2 *Mass. Rep.* 437. *Prescott* v. *Trueman*, 4 *Mass. Rep.* 631. If a deed be ineffectual to convey the land, for want of any of the statute requisites; or is so vague in the description of the land as to be void; or attempts to convey an estate which the law forbids; any such defect does not falsify the fact of seisin, and is no breach of the covenant of seisin.

But the deed in question was not void: it conveyed a title; it devested the grantor of his interest, and forever prevented his regaining it. If effect cannot be given to it, in this form, on account of interfering with the rights of the co-tenant, it will take effect in any other form in which it lawfully can, *ut magis valeat quam pereat ; e. g.* it may operate to give an undivided interest in the whole estate. *Harrison* v. *Austin*, *Carth.* 38.

It has never been decided, by the supreme court of this state, by the courts in *Great Britain*, or by the courts of any neighbouring state, except in a solitary instance, (*Porter* v. *Hill*, 9 *Mass. Rep.* 34.) and that under peculiar circumstances, and in no degree binding here, that a deed by one tenant in common by metes and bounds, is void. The cases of *Hinman* v. *Leavenworth*, 2 *Conn. Rep.* 244. n. and *Starr* v. *Leavitt*, 2 *Conn. Rep.* 243. are clearly distinguishable from this. They were cases of the levy of execution—a proceeding *in invitum*—an attempt to wrest the property of one man from his hands against his will, and give it to another, by virtue of legal process, without any mutual agreement between them. In such case, the person who would acquire the property, must strictly observe every legal requisite, or another creditor, who has equal justice on his side, will have a right to seize the property, or the owner to dispute the validity of the proceedings. But can this be the case, where

HARVARD LAW LIBRARY

*Litchfield,*
*June,*
*1823.*

Mitchell
*v.*
Hazen.

there is the mutual agreement that subsists between grantor and grantee ?   Let the assertion that nothing passes, by such a deed, be tested by this simple enquiry—in whom does the title to the property, after the conveyance, vest?   It must be either in the grantee or grantor, or it becomes derelect, and open to the first occupant.   The latter surely cannot be the case ; and can the title be in the grantor ?   *A.* and *B.* own a tract of land in common ; to-day, *B.* conveys the one equal half of that tract, by metes and bounds, to *C. ;* to-morrow, he conveys the other half, in the same manner, to the same person : has *C.* got no interest in this land, and does *B.* still own it ?   Should *C.* go into possession, as joint occupant with *A.,* could *B.* eject him in the face of his deeds ?   Again, suppose *B.,* to-day, conveys the undivided moiety of one half, by metes and bounds, to *C.,* and to-morrow, the other half, in the same manner, to *D. ;* would not *A., C.* and *D.* be now the owners ; or would it still be the property of *A.* and *B. ?*   Or suppose, again, that *A.* should convey to *C.,* by metes and bounds, an undivided moiety of one half of the farm, and then *B.* should, in like manner, convey to *C.* the moiety of the other half ; would *C.* obtain no interest, by means of these deeds from each of the joint proprietors ? Let it be kept in mind, that here the question as to the validity of the deed, is merely between grantor and grantee ; there being no claim, by a subsequent grantee, under a more perfect deed from the grantor, as was the case in *Porter* v. *Hill,* 9 *Mass. Rep.* 34.

3. That the deed containing the covenants in question having been made by the defendant *as administrator,* and purporting to convey, not his own land, but that of the intestate, the covenants are to be construed with reference to his character as an administrator, and do not bind him personally. The deed correctly sets out the office of the grantor, and his authority to sell, derived from the decree of probate ; and although in the covenant of seisin, the grantor states *himself* to be seised, in lieu of a more proper allegation, that the deceased was well seised at the time of his death, and that he, the grantor, in the capacity before mentioned, has good right to sell ; yet this language must be construed *secundum subjectam materiem,* and so as to be consistent with the preceding declaration that he acts and sells as administrator.   The covenants in the deed related to the land conveyed by the deed, and to that only ;   but the understanding of the parties was,

not that the defendant was conveying his own property, but the property of the intestate, whom he represented.

4. That the deeds and distributions offered in evidence by the defendant, and rejected by the judge, in connexion with the several orders of the court of probate relative to the estates of *Samuel* and *David Mitchell*, not having been appealed from, ought to have been admitted. First, the orders of the court of probate, being unappealed from, were conclusive evidence of title in severalty in *David* to the land in question. *Bush* v. *Sheldon*, 1 *Day* 170. *Rockwell* v. *Sheldon*, 2 *Day* 305. *Goodrich* v. *Thompson*, 4 *Day* 215. *Judson* v. *Lake*, 3 *Day* 318. *Browe.* & al. v. *Lanman*, 1 *Conn. Rep.* 467. Secondly, the deed to *Hicock* and that from him to *David* and *Simeon*, although deemed insufficient to convey the land to *David*, ought to have been admitted, to shew the nature of *David's* possession and seisin, *viz.* that his possession was with colour and claim of title ; for, if so possessed, he was seised, either by right or by wrong, and his administrator, standing in his place, was seised, and could convey. In *Rogers* v. *Hillhouse*, 3 *Conn. Rep.* 398. an unacknowledged deed, conceded to be incompetent to establish a title, was admitted to shew the nature of the occupancy then in question, and that it was adverse.

5. That that part of the judge's charge, which related to the rule of damages, was incorrect ; no more than nominal damages being recoverable for the breach of the covenants of seisin and of right to sell, where there has been no eviction or disturbance. The rule last suggested is founded in the highest reason ; for why should damages be given for a mere technical breach of covenant, where it is entirely uncertain whether an injury will be sustained ? And the last clause of the covenant, *viz.* that the grantor had good right to convey *in manner and form*, stands precisely upon the same ground ; for why should informality in the deed be the ground of giving damages, until actual loss has been sustained thereby ? It is a general rule in all actions upon contract sounding in damages, that the plaintiff is to recover such damages as he can prove he has sustained. 1 *Swift's Dig.* 672. In relation to the covenant against incumbrances, it is distinctly laid down in *Prescott* v. *Trueman*, 4 *Mass. Rep.* 627. 630, 1. *Delavergne* v. *Norris*, 7 *Johns. Rep.* 358. in 1 *Swift's Dig.* 674. and elsewhere, that nominal damages only can be recovered, where the grantee has neither been evicted, nor

*Litchfield,*
*June,*
*1823.*

Mitchell
*v.*
Hazen.

paid off the incumbrances—and, in the latter case, to the exact amount only of such payment—although the covenant, from its nature, must be broken as soon as made. And no reason exists why a different rule should be adopted in the present case. In *De Forest* v. *Leete,* 16 *Johns. Rep.* 122, which was an action on the covenants in a deed, and, among others, the covenant of seisin, the plaintiff was allowed to recover only nominal damages, although the breach of that covenant was well assigned, there being no ouster. The only ground on which more than nominal damages can be claimed, is the liability of the grantee to be evicted, and thus to sustain future damage. But mere liability is no ground of action. *Booth* v. *Starr & al.* 1 *Conn. Rep.* 244.

Further; it appears in the case, that the plaintiff is heir to one eighth of *Samuel's* estate, and one seventh of *David's;* and if the deed of the defendant conveyed nothing, the plaintiff is the legal owner of one undivided seventh part of the land attempted to be conveyed, and is in peaceable possession of it, and has been so, ever since the execution of the deed. It also appears, that the money for which the land was sold, was raised in pursuance of an order of the court of probate, received in evidence, for the purpose of disincumbering the estate of *David,* so that the heirs could enjoy the residue of it—that this plaintiff might enjoy his distributive share. This he does enjoy, together with a seventh part of the very land attempted to be conveyed. The rents and profits of the land, during the period that the plaintiff has been in possession, and a seventh part of the purchase money, paid for his own benefit, with the interest thereon, ought, therefore, to be deducted from the damages.

*Bacon* and *J. W. Huntington,* contra, contended, 1. That the conveyance, by one tenant in common, of a part of the estate in severalty, by metes and bounds, is, of course, a breach of the covenant of seisin, and action lies immediately in favour of the grantee. This results from the nature and legal import of the covenant of seisin; which is, that the grantor, at the time of the execution of the deed, is lawfully seised, in fee-simple, of all the premises conveyed; that he is the sole owner of the premises; and that he has good right and full power to convey the same. The covenant is, of course, broken, if there is any existing incumbrance; it is broken, if the grantor did not own the premises *in fee-simple;*

if he did own the *whole* premises; if he did not own them *solely* and *absolutely*; if he had *no legal power* to convey them. *Sedgwick* v. *Hollenback*, 7 *Johns. Rep.* 376. 4 *Cruise's Dig.* 77, 8. *Howes* v. *Brushfield*, 3 *East* 491. *Pitcher* v. *Livingston*, 4 *Johns. Rep.* 10. *Varnum* v. *Abbot* & al. 12 *Mass. Rep.* 474. 476. *Bartlet* v. *Harlow*, 12 *Mass. Rep.* 348. 352, 3. *Porter* v. *Hill*, 9 *Mass. Rep.* 34.

The fallacy of the argument of the opposing counsel consists in supposing that there is no breach of the covenant of seisin, until the grantee is disturbed in the enjoyment of the premises; whereas the correct rule on this subject, is, that as the covenant is an agreement that the grantor is the sole owner, at the time of the conveyance, if he was not, there is a breach of the covenant, for which action lies. The case is not like that where an imperfect title is conveyed with warranty, and the grantor afterwards procures a good title; the covenant of seisin being broken *immediately*, if at all.

The levy of an execution in this form, would have been void. *Hinman* v. *Leavenworth*, 2 *Conn. Rep.* 244. n. *Starr* v. *Leavitt*, 2 *Conn. Rep.* 243. The same reasons, which shew, that the levy of an execution in this form is void, equally apply to a deed. A tenant in common cannot make partition for himself. Each has a right to a partition of the *whole estate*; not to a partition in different parts of it.

2. That the defendant was *personally* liable for a breach of the covenants in question.

First, the words of the covenant purport to bind the defendant personally. His language is, " *I*, the said *Elijah Hazen*, do, for *myself*, my heirs, &c. covenant, that I am well seised," &c. His describing himself as the administrator of *David Mitchell*, in the same instrument which contains the covenant, does not affect the rights or remedies of the other party. *Appleton* v. *Binks*, 5 *East* 148. *King* & al. v. *Thom*, 1 *Term Rep.* 487. 489. *Barry* v. *Rush*, 1 *Term Rep.* 601, 2. *Thacher* & al. v. *Dinsmore*, 5 *Mass. Rep.* 299. 301. *Duvall* v. *Craig*, 2 *Wheat.* 45. 56.

Secondly, the defendant had no power, *as administrator*, to make any covenant at all. He could bind no one by it, but himself. He was the mere *agent of the law* to dispose of the property. The order of the court of probate, which was general in its terms, gave him no authority to bind the intestate, or his heirs, by a covenant of seisin.

Thirdly, if he had no power, as administrator, to make such a covenant, then he is personally bound. The rule is universal, that where a person attempts to execute a power, for which he has no authority, he is personally bound. *Tippets* v. *Walker* & al. 4 *Mass. Rep.* 595. *Thacher* & al. v. *Dinsmore*, 5 *Mass. Rep.* 299. *Gill* v. *Brown*, 12 *Johns. Rep.* 385. *White* & al. v. *Skinner*, 13 *Johns. Rep.* 307. *Coe* v. *Talcott*, 5 *Day* 88. 92.

3. That the deeds and distributions offered in evidence by the defendant, were properly rejected.

The distributions were properly rejected; first, because they only tended to shew, that there was one co-tenant less in interest than there appeared to be without them. If they had been received, the premises conveyed would still have been a tenancy in common; and it can make no difference, in principle, whether there are two tenants in common, or two hundred; for, as has been shewn, a deed *in severalty*, in either case, would of itself pass no title. In addition to this, the distribution of *David's* estate was made *after* the execution of the deed, which is the foundation of the present action.

Secondly, the distributions were void, upon the same principles as the deed in question; being of a tenancy in common, by metes and bounds. But it is claimed, that the proceedings before the court of probate, not having been appealed from, are now to be considered as conclusively valid: that the deeds and distributions having been made under orders from a court having jurisdiction of the subject matters, and having been accepted and approved, there has been a virtual partition of the tenancy in common, which it is too late for the present plaintiff now to dispute. To this we answer, in the first place, that the plaintiff, as a *purchaser*, under the deed of the defendant, is a *stranger* to the subsequent distribution, and cannot be affected by it. As between him and his grantor, he stands in the same relation, as any third person having no interest in the property by descent. In the next place, the sale to the plaintiff does not appear to have been returned to the court of probate, and accepted; nor was any order or decree passed by the court, upon the acts of the administrator touching the sale: of course, no appeal could be taken from it.

Thirdly, these distributions could have no operation in causing a partition virtually to be made, because, notwith-

standing them, *Simeon*, in his own right, and as heir to his *Litchfield,* brothers, had an interest, which could not be affected by *June,* them.                                                                    *1823.*

Fourthly, the court of probate had no jurisdiction over  Mitchell that part of the estate owned by *Simeon*; and, of course,  *v.* could do no act by which it could be affected. If that court  Hazen. accepted a distribution, which, by making a partition of a tenancy in common, would alter the rights of *Simeon*, it was *coram non judice*, and void.

Fifthly, the order of distribution was *void*, because there was no acceptance of the report of sale. Distribution is to be made after deducting debts; but the court cannot know what debts, without knowing what amount of real estate has been sold; and for this purpose, there must be a return accepted. *Griffin* v. *Pratt*, 3 *Conn. Rep.* 513.

As to the rejection of the deeds, most of the previous observations apply, with equal, if not with greater force, to these instruments.

4. That in this case, neither the possession of the grantor, at the time of the conveyance, claiming a right as administrator of one co-tenant, and agent for another, nor the undisturbed possession of the grantee after the conveyance, prevented a breach of the covenant of seisin. The only cases which can be considered as in the least establishing the doctrine that an eviction is necessary, are those of *Marston* v. *Hobbs*, 2 *Mass. Rep.* 433. and *Prescott* v. *Trueman*, 4 *Mass. Rep.* 627. But even there the court held, that the party must be in possession, claiming the property as his own; claiming under his own title. The defendant had the benefit of this law, on the trial, in the charge of the judge; and the jury have found the fact against him. If an eviction is necessary, there can never be a remedy on the covenant of seisin; it is a mere dead letter; for if the grantor is out of possession when the conveyance is made, the deed is *void*, and, of course, the covenant. The covenant of seisin is, that the grantor owns the property, and has right to convey it. If this be not true in fact, there is a breach, without reference to the circumstance of possession. Seisin and possession are not synonimous terms.

5. That the judge, in his charge, adopted the correct rule of damages. 1 *Swift's Dig.* 673. *Horsford & al.* v. *Wright*, *Kirb.* 3. *Smith* v. *Pitkin*, 2 *Root* 46. *Castle* v. *Pierce*, 2 *Root* 294. *Pitcher* v. *Livingston*, 4 *Johns. Rep.* 1. *Morris*

*Litchfield,*
*June,*
*1823.*

Mitchell
*v.*
Hazen.

v. *Phelps,* 5 *Johns. Rep.* 49.   *Staats* v. *Ten Eyck's* exrs. 3 *Caines* 111.   *Delavergne* v. *Norris,* 7 *Johns. Rep.* 358.   *Marston* v. *Hobbs,* 2 *Mass. Rep.* 433.   *Caswell* v. *Wendell,* 4 *Mass. Rep.* 108.   *Prescott* v. *Trueman,* 4 *Mass. Rep.* 627.   *Chapel* v. *Bull,* 17 *Mass. Rep.* 213.   *Bender* v. *Fromberger,* 4 *Dall.* 441.   This rule is not only established by authority, but is reasonable in itself.   If the grantor gets no title, he ought to be indemnified to the extent of his damage ; and that is, what he advanced for the property, and the interest upon it.

HOSMER, Ch. J.   In this case, there are four questions presented for determination.   1. Whether the defendant's covenant was broken.   2. Whether the defendant bound himself, by his covenants, personally.   3. Whether the deeds and distributions, rejected by the court below, were admissible.   And 4. Whether the rule of damages was correctly stated.

1. Was the defendant's covenant broken ?

Covenants are to be construed, so as to have effect, and correspond with the intention of the parties, at the time of making them.   In their creation, technical words are not necessary ; nor indeed are any expressions in particular ; for any thing under the hand and seal of the parties, importing an agreement, and amounting to a covenant, will support an action.   1 *Roll. Abr.* 518.   *Shep. Touch.* 158.   *Williamson* v. *Codrington,* 1 *Vesey* 516.   3 *Cruise's Dig.* 65.

In the case under discussion, the defendant covenanted with the plaintiff, that, " at and until the ensealing of these presents, he was well seised of the premises, as a good, indefeasible estate in fee-simple, and had good right to bargain and sell the same, in manner and form as above written." The defendant, in fact, had no title to the land in question ; but was empowered, by the court of probate, to sell the estate of *David Mitchell,* deceased, in payment of debts.   He likewise was in possession of the premises, at the time he executed to the plaintiff the deed declared on.   There is no pretence for the assertion that he was seised of the premises, as of an estate in fee-simple, or had any part of this seisin, but an actual possession.   On this, however, I do not lay any stress ; as from the whole deed, it is apparent, that the defendant was acting only as an administrator, under a power to sell ; and this was well known to the plaintiff.   The defendant, nevertheless, covenanted, that he had good right to

sell the premises in fee-simple, in manner and form as he was doing by his deed. *Cruise*, in his *Digest*, 4 *vol. p.* 78. when treating on the construction of the covenants of seisin and good right to sell, remarks, that if the vendor is seised in fee, they are of similar import. But, he says, the converse of this proposition does not hold ; for a person not actually seised in fee, *may have power to convey.* Thus, where a tenant in tail conveys to a person, to make him a tenant to the *præcipe*, in order that a common recovery may be suffered to the use of the purchaser in fee, or *where a person conveys under a power ;* the covenant is, that the grantor hath good right to convey. This covenant most obviously does not relate to the deed or instrument of conveyance, but to the estate intended to be granted. *Parker* v. *Parmelee*, 20 *Johns. Rep.* 130. When the grantor is tenant in fee-simple, it is equivalent to the covenant of seisin ; but when he confessedly has no title to the thing granted, it is a covenant that he has power to sell and convey precisely such an estate as the deed specifies.

*Litchfield,*
*June,*
1823.

Mitchell
*v.*
Hazen.

The question, then, naturally arises, has there been a breach of the defendant's covenant ? This land, described in the defendant's deed, and purporting to be conveyed, was parcel of a farm of land, owned and held in common, and undivided, by *Simeon Mitchell*, and the heirs at law of *Samuel Mitchell* deceased, and the heirs at law of *David Mitchell* deceased, in unequal proportions. The deed of the defendant, by the terms of it, purported to convey, by metes and bounds, an undivided interest in and to a *part* only of the estate, held as aforesaid in common ; and not an undivided property, in the whole of it. Is it true, then, that the defendant had good right to sell and convey the premises, in *manner and form ?* It is not pretended, that the court of probate gave the defendant any power, except one of a general nature, to sell the estate of the deceased ; and it is clear, that no authority was derived from the law to make the preceding disposition of the property. On prnciples of law firmly established, the defendant was empowered only to convey an undivided proportion of the estate, throughout the *whole farm* held in common ; and either the whole, or a part, of the interest, which the said *David* deceased had in the premises. In performing this act, the defendant was not authorized to impair, vary, or in any respect, prejudice, the estate of the other tenants in common. In *Tooker's* case, 2 *Co. Rep.* 67. it is said, when speaking

HARVARD LAW LIBRARY

*Litchfield,*
June,
1823

Mitchell
*v.*
Hazen.

of joint tenants, that " if one attorns only, he may prejudice his companion" ; " and for this reason, one joint tenant only shall not be suffered to attorn of record, for the manifest prejudice which would accrue to his companion, if it should be the attornment of both." To the same effect is the remark of *Popham,* J. in *Iiud* v. *Tucker, Cro. Eliz.* 803., that, it is clear, every act by one joint-tenant, for the benefit of his companions, shall bind ; but those acts which *prejudice his companion in estate,* shall not bind." Indeed, the proposition is self-evident, that one tenant in common, cannot deprive his co-tenant of any part of his interest, in the common estate, nor in any respect lessen or vary his legal rights. But if he is permitted to divide the common property into distinct moieties, by metes and bounds, and then dispose of a certain proportion in the property thus separated, he prejudices his co-tenant. On writ of partition, the moiety thus divided, and disposed of, undoubtedly, may be aparted to the other tenant ; and his right to claim such partition, cannot be impaired, without his consent. Nor can this objection be obviated, by admitting that this right cannot be lessened, but that the purchaser may go beyond the limits of his purchase, and have his portion assigned in that part of the property, which is beyond the bounds of his deed. In this portion of the property his deed gives him no right or estate ; nor can he have any communicated by a partition, which is no conveyance, but a distribution founded on antecedent right. It is clear, if *David* were living, that he could not convey a part of the common estate, in the manner in which the defendant has attempted to do ; and has his administrator any right, which was not vested in his intestate ? Certainly not. It is thus unquestionable, that the defendant had no authority to convey the premises to the plaintiff, by metes and bounds ; and that his covenant, for this reason, is broken.

The *nature* of the covenant demonstrates, that the breach of it was instantaneous, on the execution of the deed. The principle is correctly expressed, by Ch. J. *Parsons,* in *Marston* v. *Hobbs,* 2 *Mass. Rep.* 437. The action was upon a deed containing covenants of seisin, of freedom from incumbrances, of a good right to sell, and of warranty. " The manner of assigning breaches of these covenants (says Ch. J. *Parsons*) deserves some attention. The *general rule* is, that the party may assign breaches *generally,* by negativing the words of the covenant. The *exception* to the rule is, that when such general

*Litchfield,*
June,
1823.

Mitchell
*v.*
Hazen.

assignment does not necessarily amount to a breach, the breach must be specially assigned. The first and third covenants in this case, (that is, the covenants of seisin and of good right to sell) come within the rule: If the defendant was not seised, or if he had *no right to convey*, these covenants must necessarily be broken. They are called *synonimous*, because the same fact, the seisin of the defendant, which will support the first, will also support the other covenant." He then justly remarks, that, "when the breaches assigned to the first and third covenants are found for the plaintiff, it then appears that those covenants were broken, as soon as the deed was executed, and that no estate or interest passed by the conveyance." The cases cited by the counsel for the plaintiff, prove incontrovertibly, that the covenant of seisin was instantaneously broken, so soon as it was made, if the covenanter were not seised; and that there was no necessity for an eviction; because the covenant was not suspended, at all, on the happening of this fact; and it is past all controversy, that the breach of the analogous covenant of good right to convey, falls precisely within the same reason and principle. *Bickford* v. *Page,* 2 *Mass. Rep.* 455.

The defendant's covenant was not merely false in part, but altogether so; and the breach, therefore, is total. The deed passed no title; and, in effect, was an utter nullity. The cases of *Starr* v. *Leavitt,* 2 *Conn. Rep.* 243. and *Hinman* v. *Leavenworth,* 2 *Conn. Rep.* 244. n. on this subject are perfectly conclusive; because they are entirely analogous with, and not capable of any essential discrimination from, the one before us. Between the levy of executions on a part of an estate held by two tenants in common, for the debt of one of them, and a deed executed in the same manner, what is the difference? They are both conveyances of real estate, one by virtue of the statute regulating the levy of executions, and the other, by the act of the party; and their invalidity, for the same reason, results from the legal impossibility of performing an act, which is injurious to a third person. It cannot be true, that you may not prejudice a person, by the levy of an execution for the debt of his co-tenant, so as to impair or vary his rights in the common estate, but that the conveyance of one of the tenants in common, in the same manner, and effecting the same injury, is legally binding. This would be a pointed inconsistency, and sanction the perpetration of a prohibited injury, if it is done in a certain mode. The question

*Litchfield,*
*June,*
*1823.*

*Mitchell*
*v.*
*Hazen.*

has correctly been stated, by the supreme judicial court of the state of *Massachusetts*, in *Bartlett* & al. v. *Harlow*, 12 *Mass. Rep.* 348.

A covenant against incumbrances, stands on a ground altogether different from the covenant of seisin, or of good right to convey. On an incumbrance not extinguished, the grantee can only recover nominal damages; but if it has been extinguished, the sum recoverable, is the full amount of the payment, which the party has been compelled to make. The above rule is founded on this reason, that such covenant is considered as strictly a covenant of indemnity, and that the grantor ought not to recover the value of the incumbrance, on a contingency, when he may never be disturbed by it. This is a reasonable rule; for if he were to recover the value, for example, of an outstanding mortgage, the mortgagee might still resort to the defendant, on his personal obligation, and compel him to pay it; and if the purchaser feels the inconvenience of the existing incumbrance, and the hazard of waiting until he is evicted, he may go and satisfy the mortgage, and then resort to his covenant. *Prescott* v. *Freeman*, 4 *Mass. Rep.* 627. *Pitcher* v. *Livingston*, 4 *Johns. Rep.* 1. *Delavergne* v. *Norris*, 7 *Johns. Rep.* 358. *Deforest* v. *Leete*, 16 *Johns. Rep.* 122.

It was contended, by the defendant, that he was estopped from claiming title, by the covenants in his deed; and that this had an important bearing on the point now under discussion. Let the estoppel be admitted, and give to it the legal effect of precluding the claim of the defendant; and the difficulty of the plaintiff will remain in undiminished force. What was the defendant's claim? Absolutely nothing, except a *power* to sell, which, if not legally executed, may be performed in future, by another administrator. Besides, the conveyance is a nullity, imparting to the purchaser *no right;* and from the estoppel of the administrator, no possible benefit can be derived.

It is proper that some attention should be paid to the claim of the defendant, that being in possession, under colour of title, with a power to sell, by an order from the court of probate, the covenants of seisin and of right to convey are not broken. To sustain the proposition, he has cited the cases of *Twambly* v. *Henley*, 4 *Mass. Rep.* 441., and *Prescott* v. *Trueman*, 4 *Mass. Rep.* 627., which contain this principle; that a covenant of seisin is not broken, if the grantor, at the date of

his deed, was *seised in fact* , either by wrong, or by a defeasible title. This principle does not apply, as the defendant was not possessed, under claim of right, in the land now in question, but only of a power to sell, and the supposed analogy entirely fails. Besides, the covenant on which the plaintiff's suit is sustainable, is that of a good right to sell. Now, it cannot be said, even with plausibility, that the defendant's having had a naked possession, would confer on him a right of disposition, in the manner attempted; and nothing short of this will show, that his covenant remains unbroken. I do not, however, admit, that an actual seisin or possession, (for these words are synonymous in their application here,) will validate the covenant, that the grantor is seised of an estate in fee-simple, if the legal freehold and fee were in another person. It is the true construction of the covenant, that the grantor is *legally* seised; and if he is not, but has merely a naked possession, the contract is not kept, because it is untrue.

I am clear, therefore, that the defendant's covenant was broken.

2. Did the defendant bind himself by his covenants *personally*? This is the next question.

The deed executed by him, was signed, "*Elijah Hazen, administrator*," and his covenants were in the following words: "I, the said *Elijah*, do for *myself, my heirs, executors, and administrators,* covenant with the said *Timothy*, his heirs, and assigns, that at, and until the ensealing of these presents, I am well seised of the premises, as a good indefeasible estate in fee-simple; and have good right to bargain and sell the same, in manner and form as is above written; and that the same is free from all incumbrances whatsoever, except as above." These covenants must be construed with effect, *ut res magis valeat, quam pereat,* and correspond with the intention of the parties at the time of making them; and if there remains any doubt in respect of their meaning, they are to be taken in that sense, which is the most strong against the covenanter, and beneficial to the other party. *Hookes* v. *Swain*, 1 *Lev.* 102. S. C. 1 *Sid.* 151. *Amner* v. *Luddington. And.* 60. 1 *Bulstr.* 175. Hob. 304. *Co. Lit.* 134. *Plowd.* 156. It is indisputably clear, that the power of sale given by the court of probate to the defendant, without prescribing the manner in which it was to be executed, authorized him to make such an instrument only, as was legally proper for the conveyance of the deceased's estate. *Longford* v. *Eyre*, 1 *P. Williams* 741. 4 *Cruise's*

*Litchfield,*
*June,*
*1823.*

Mitchell
*v.*
Hazen.

*Dig.* 254.   The defendant was not required, by his duty and trust, to enter into any *personal covenant* for the security of the title to the property conveyed, nor for the validity of the conveyance; and it has not been contended, that for this purpose, he had authority to bind the heir of the deceased, or to subject the assets. It is unquestionable, that, unless he bound himself personally, his formal and solemn covenants under seal, were a nonentity; and *vox et præterea nihil.* Although he was under no obligation to enter into covenants, he was at liberty to do it, if he chose to excite, in this manner, the confidence of purchasers, or to enlarge the proceeds of the sale, upon the general principle, that a covenant to do any thing that for the substance and matter of it is lawful, is good. *Sheppard's Touchstone* 159. If the covenants of the defendant are to be construed as having any effect, they must be considered as binding on him personally; for they can be obligatory on no other person. So, if the words of his covenants are at all indicative of his meaning, he, and he only, intended to be holden to the performance of them. It is worthy of remark, that he has covenanted, not only for himself, but for *his heirs, executors,* and *administrators,* which places his intention in an irrefragable light. With respect, then, to the intentions of the covenanter, or the effect of his covenants, there can exist no serious question, unless the mind will admit the palpable absurdity, that he *meant nothing.* There being subjoined to his signature, the word "administrator," and the subject-matter of his conveyance, being the estate of other persons, cannot invalidate the construction given to his act. The former was, unnecessarily, I admit, a *descriptio personæ* only; and the latter is not prohibitory of any lawful agreement he should please to make. It has long been an established principle, that whenever a man undertakes to stipulate for another, by an instrument under seal, without authority or beyond authority, he is answerable, personally, for the non-performance of his contract; and if he choose to bind himself, by a personal covenant, he is legally liable for a breach of it, even although he describe himself as covenanting as trustee, agent, executor, or administrator. *Appleton* v. *Binks,* 5 *East's Rep.* 148. *Thacher* & al. v. *Dinsmore,* 5 *Mass. Rep.* 299. *Sumner* v. *Williams* & al. 8 *Mass. Rep.* 162. *Duvall* v. *Craig* & al. 2 *Wheat.* 45. *White* v. *Cuyler,* 6 *Term Rep.* 176. *Wilkes* v. *Back,* 2 *East's Rep.* 142. *Tippets* v. *Walker,* 4 *Mass. Rep.* 595. *Thayer* v. *Wendall,* 1

*Gallis.* 37. The determinations in *Sumner* v. *Williams* and *Duvall* v. *Craig* & al. go the full length of the present case, and are applicable to it, on a principle of strict analogy. The case of *Coe* v. *Talcott*, 5 *Day* 88. is a strong authority in support of the opinion expressed, and contains this important principle; that "a trustee, acting within his powers, does not render himself liable on his contracts and conveyances; *but wherever he exceeds his powers*, and undertakes to transfer and convey without authority, *he becomes personally answerable to the grantee, on his covenants*." This is precisely the case before the court. The defendant exceeded the powers with which he was invested, and undertook to transfer and convey, in a manner which he had no right to do, and therefore without authority. It results, then, that he is personally liable, on the principle of the case last cited, as well as on the other legal grounds, before discussed.

3. Whether the deeds and distributions, rejected by the court below, were admissible, is the next subject for consideration.

On this question, I shall be brief, as little is required to be said. The distribution of *Samuel's* estate was totally irrelevant, as in its effect it only proved, that the land in question was owned by one tenant in common less than the plaintiff has supposed, but left a tenancy in common of the farm before-mentioned, between *Simeon* and the heirs of *David*. If the common estate remained throughout the above property, the sale by the defendant was equally illegal, as if the number of tenants in common had been ever so great; and, of consequence, his covenant, for the same reason, was equally broken. The second distribution was of *David's* estate, before the making of which, and while the tenancy in common unquestionably existed, the defendant executed the deed, and bound himself in the covenant, on which the plaintiff's suit is founded. It was likewise made by metes and bounds, and therefore was void, upon the same principles, as the deed executed to the plaintiff was invalid. The sale made by the defendant to the plaintiff was never returned to the court of probate, and by necessary consequence, could not be appealed from; and the subsequent acceptance of the distribution cannot be considered as having affirmed a sale, which does not appear ever to have been judicially known. Finally, the right of *Simeon*, as tenant in common, and seised *per mie* and

*Litchfield,*
June,
1823.

Mitchell
*v.*
Hazen.

*per tout,* can never be varied or diminished, by the distribution of *David's* estate. *Simeon,* in respect of property not derived from his brother *David,* was a stranger to the proceedings of the court of probate, over whom and whose estate that court had no jurisdiction; and his right now to compel partition, and to obtain, if it should be thought just and expedient, an appropriation of the whole land, of which the defendant attempted to convey to the plaintiff a part, is precisely the same as if *David* were living, or there had been no distribution or sale of his estate. This transient glance at the subject, is sufficient to show, that the rejection of the evidence, by the court below, was entirely conformable to law.

4. Whether the rule of damages was correctly stated, is the only remaining question.

In this state, the rule of damages for breach of the covenant of seisin, ever has been, the consideration of the deed, with the interest. *Horsford* & al. v. *Wright, Kirby* 3. *Castle* v. *Pierce,* 2 *Root* 294. The same rule has been sanctioned in the contiguous states; and it is impossible, upon any just principle, to adopt a different standard. The intended conveyance is a nullity; and the contract, as to any operation, is precisely as if it never had been, or as if it had been rescinded. Unless vindictive damages were allowed, for which there exists no sufficient reason, what can be more consonant to natural justice, than that the grantee, who has got nothing for his money, should have it returned to him?

The covenant that the grantor has good right to sell, in many cases, is synonymous with the covenant of seisin; and when it is not, so far as respects damages for the breach of it, it stands precisely on the same ground. If the grantor has not good right to sell, the covenant is broken instantaneously, so soon as it is made; as the covenant of seisin is, when the covenantor is not seised; and the reason for returning the consideration, where the conveyance has wholly failed, in both cases, is precisely equal. I am aware, that in *Prescott* v. *Trueman,* 4 *Mass. Rep.* 627. 631. it is laid down as a rule, that nominal damages only will be given for the breach of the covenant that the grantor had right to convey, until the estate conveyed has been defeated, or the right to defeat it has been extinguished. This opinion is *obiter,* unsustained, by any case or established principle, and in opposition to the rule of the same court, in respect of the covenant of seisin.

*Litchfield,*
June,
1823.

Mitchell
*v.*
Hazen.

I have the highest deference for the source, whence the above opinion emanated ; but I cannot admit it to be just, or supported by analogous cases.

It is said, that as the plaintiff was in possession of the land in question, and answerable for the rents and profits, they should have been deducted from the damages. To this proposition, I cannot assent. The money due for the rents and profits has no relation to the covenant broken, but constitutes a separate and distinct debt. It could not be set off, had the claim been duly made ; as it is a demand in which the defendant has not a sole interest, if he has any, which I very much doubt. The rents and profits are legally due to *Simeon,* and the heirs of *David ;* and in all events, *Simeon* is a joint creditor in relation to this demand.

It has been contended, that the consideration money for the land in question, was applied to the payment of debts against *David's* estate ; and that the plaintiff, being one of his heirs, has received a benefit from this source, which ought to diminish his damages. No such fact appears to have been proved ; and if it had, it constituted no indebtedness on the part of the plaintiff; but gave to the defendant a right to remunerate himself out of the assets of his intestate. Besides, it had no relation to the point of damages, in this case ; and, therefore, could not be allowed to diminish them.

In conclusion, I am of the opinion, that the determination of the judge below, has done no injustice to the plaintiff, and should not advise a new trial.

The other Judges were of the same opinion.

New trial not to be granted.