[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff and the defendant entered into an oral contract by the terms of which the plaintiff performed electrical work at residential premises owned by the estate of the defendant's father. The plaintiff, who had known the decedent, agreed to do electrical work in connection with the renovation of one apartment at 12 South Street in Danbury. Subsequently, he was asked to perform work on another apartment and on the building next door. He was not given plans or specifications but worked with a carpenter and the defendant's son. He performed this work over a period of approximately two months, from January 1992 to March 1992. CT Page 12531
He kept a record of time expended and materials used and put these records into a file in accordance with a system he had used during his thirty years as an electrical contractor. Invoices were based on these records. However, they were not presented to the defendant until March 1992. The plaintiff billed a total of $19,955.46. He received payment in the amount of $13,500, leaving a balance of $6,455.46. The defendant made several payments from the checking account of his father's estate as administrator. These payments were made from January 28, 1992 to March 23, 1992.
Problems arose because the parties oral agreement used estimated figures. However, the job expanded from the one original apartment to others and the costs escalated to cover the various changes.
The defendant is a former building contractor. Although he had an injured shoulder at the time of the renovations, he visited the site every few days. The weight given his testimony was lessened by his assertions that (a) he did not know the customary rate for such work at the time; (b) he should have been charged wholesale rates on some materials listed on Job Work order nos. 6247 and 6748 (Exhibit 1): and (c) the hours billed in Job Order no. 6257 (Exhibit 1) were not totally productive because there was "down time" and the workers sat around discussing the previous evening. Although he did not receive invoices until March, he had the opportunity to question the plaintiff with regard to any amounts for which he wrote checks and on any problems he observed on his frequent visits to the site.
Another issue in dispute was the removal of trees for which the plaintiff charged more than the defendant thought appropriate. (Exhibit i, Job Work Order Nos. 6258 and 6259). The defendant's son had told the plaintiff to remove the trees and there was no attempt made by the defendant to hire a tree removal service or to question the plaintiff about what he would charge to remove the trees.
The defendant also alleged that some work was not done in accordance with the local building code. However, he presented no evidence from the local building officials as to any such findings.
There was discussion regarding the personal liability of the defendant as opposed to the liability of the estate for which he was administrator. Counsel filed briefs with regard to this issue. The administrator of an estate is personally liable on a contract binding on an estate. Mitchell v. Hazen, 4 Conn. 495, 505-06 (1823). CT Page 12532
The court finds that the plaintiff has met his burden of proof. Accordingly, judgment may enter for the plaintiff in the amount of $5,455.46.
Leheny, J.