## Jacob Magee et ux. *vs.* Thomas A, Mellon.

M. and wife petitioned the probate court for a claim of dower in the real estate of her late husband, G. *Held*, by this court, that the petitioner, as administratrix of her said husband, deceased, having sold by order of court, and conveyed away by fee simple title, with covenants for a good and perfect title, the estate out of which she claims dower, and although she was not bound to enter into such a covenant, she is now estopped from setting up her claim of dower, and her own act must have its legal operation.

On appeal from the probate court of Hinds county; Hon. A. R. Johnston, judge.

The opinion of the court contains a statement of the facts of the case.

*S. A. D. Graves*, for appellants.

*T. J. & F. A. R. Wharton*, for appellee.

Mr. Justice Fisher delivered the opinion of the court.

Appellants filed their petition in the probate court of Hinds county, praying the allotment of dower to Martha Magee, in

certain lots, situate in the town of Raymond, of which it is alleged her former husband, John Garman, died seized.

It is insisted by the answer of appellee, that the said Martha Magee, as administratrix, and Thomas Downing, as administrator of the estate of the said John Garman, deceased, in the year 1832, sold said lots under an order of the probate court of Hinds county; and that she is estopped by her deed from asserting a claim therein for dower. The language of the deed, bearing on this subject, is this : " And the said administrator and administratrix, for them, their heirs and assigns, do forever warrant and defend the title of the above described land, to be free from the claim or claims of any person or persons, claiming by, through or under them, their heirs or assigns, and to be free from the claim of any persons whomsoever, unto the said party of the second part, his heirs, executors and assigns, in fee simple forever."

This covenant completely estops the petitioner. It is true, she was not bound to enter into it, but having freely done so, it must have its legal operation.

Decree affirmed.