BARLOW, *Appellant*, v. DELANEY *et al.*

**Life Estate, Conveyance by Owner of: REMAINDERMEN.** A suit to enforce a deed made by the owner of the life estate of the fee of land, cannot be maintained against the remaindermen, although they are the heirs of the grantor, and the conveyance by the latter contained covenants of general and special warranty.

*Appeal from St. Louis Court of Appeals.*

AFFIRMED.

*A. J. P. Garesche* for appellant.

(1) Appellant bases his claim to relief upon the fact that the estate conveyed by Mrs. Boyce was her separate property, in respect to which she was competent to contract as a *feme sole.* Her warranty of title bound her estate and could be enforced in equity against it, and inasmuch as the heirs have received from her so much more than the two lots, they can be compelled to answer. Moreover, it being a case of exchange, the warranty of title is a lien upon all the property exchanged. *Metcalf v. Smith,* 40 Mo. 572. (2) The objection, that the deed is made by only one trustee, is untenable. Under such circumstances the signature of trustees is not required to effect a conveyance. 2 Spence's Eq. Jur. 513; 2 Perry on Trusts (3 Ed.) pp. 256-7, secs. 654-5; Adams Eq. Am. Notes, p. 137, sec. 45; 2 Story's Eq. Jur. (11 Ed.) sec. 1390; Will on Trustees, p. 665, sec. 425; Bishop on Law of Married Women, secs. 164, 191; *Jacques v. Methodist Episcopal Church,* 17 Johns. 578.

*T. K. Skinker* for respondents.

(1) The deed from Mrs. Boyce to plaintiff, Barlow, is a nullity. One of her two trustees, Charles A. Pope, failed to execute it. "Trustees have all equal power and interest, and must all join, both in conveyances and receipts." 2 Coke Litt. (Marg. notes, Ed. 1836), 488. "They all form but one collective trustee." *Vandever's Appeal,* 8 Watts & Serg. 405. Must all join in conveyance of the trust property. *Sinclair v. Jackson,* 8 Cow. 543, 583; *Ridgely v. Johnson,* 11 Barb. 527; 2 Spence

Eq. Jur. (Ed. 1850) *366 ; 2 Story Eq. Jur. (Redf. Ed.) secs. 1062, 1284 c ; 1 Perry on Trusts (2 Ed.) sec. 413 ; Hill on Trustees (3 Am. Ed.) *305 ; *Boston v. Robbins*, 126 Mass. 384 ; *Ham v. Ham*, 58 N. H. 70 ; 71 Ill. 93. Henry Boyce, the husband, did not join in its execution. R. S., 1879, sec. 669 ; G. S., 1865, p. 444, sec. 2 ; *Sutton v. Casselleggi*, 77 Mo. 404 ; *Huff v. Price*, 50 Mo. 228. (2) But conceding the deed to be valid, it passed only Mrs. Boyce's life estate. As she was a married woman at the time she made it, the covenants contained in it, and which are sought to be enforced in this case, are not binding, either upon her or upon her heirs, these defendants. R. S., sec. 669 ; G. S., 1865, p. 444, sec. 2 ; *Pratt v. Eaton*, 65 Mo. 165 ; *State Nat. Bk. v. Robidoux*, 57 Mo. 446 ; *Reese v. Smith*, 12 Mo. 348 ; *Botsford v. Wilson*, 75 Ill. 132 ; *Strawn v. Strawn*, 50 Ill. 34 ; *Griner v. Butler*, 61 Ind. 362 ; *Hovey v. Smith*, 22 Mich. 172. A married woman is not estopped by her covenant from asserting an after-acquired title. *Hempstead v. Easton*, 33 Mo. 147 ; *Jackson v. Vanderheyden*, 17 John. 167 ; *Lowell v. Daniels*, 2 Gray, 168 ; Rawle on Covenants (4 Ed.) 402, note 1, 538, note 3. Upon this principle, if Mrs. Boyce had acquired the title of her children (these defendants), she might have asserted it. *A fortiori* may they do so, having been no parties to the covenant. (3) Independent of the fact that Mrs. Boyce was a married woman, her covenant is ineffectual to bar the right of her heirs to this land. To enforce it would be to apply the ancient doctrine of collateral warranty. 1 Black. Com. (Book 2) 300–303 ; 3 Wash. Real Prop. (4 Ed.) 481, 482 ; *Hartman v. Lee*, 30 Ind. 281 ; *Jones v. Franklin*, 30 Ark. 631, 637. The doctrine of lineal and collateral warranties is abolished by statute. R. S., 1879, sec. 3944 ; G. S., 1865, p. 442, sec. 7. Even whilst this ancient doctrine was in full vigor, a covenant, whereby a parent owning a life estate sought to disseize his heir, tenant in fee, was held to be an exception to the general

rule and void against the heir.    1 Black. Com. (Book 2) 302.

HENRY, C. J.—Plaintiff filed his petition in the circuit court of St. Louis, alleging as his cause of action, substantially the following facts :    In April, 1867, Mrs. Octavia Boyce, a married woman, to whose sole and separate use two trustees held the legal title to the lots of land described in the petition, made an exchange of said lots with plaintiff, and she and one of her said trustees joined in a deed, conveying to plaintiff said lots, in fee-simple, with covenants of general and special warranty, and, at the same time, he, by deed, conveyed to her and her trustees, several lots of real estate, situate in the city of St. Louis, to be by them held as her separate estate. That it has recently come to plaintiff's knowledge that Mrs. Boyce had only a life estate in the lots she conveyed to plaintiff.    That by the last will of her sister, Mrs. Ann Biddle, they were devised to her for life, with remainder in fee to her children.    That Mrs. Boyce has since died, and her children assert their title to said lots conveyed by their mother to him, and that said children are in the peaceable possession of the lots of land conveyed by him to their mother, and of other lands inherited by them from her, of the value of $300,000.    That the lots conveyed to plaintiff by Mrs. Boyce are of the value of $7,000, and the prayer of the petition is that the title to the lots conveyed by Mrs. Boyce to plaintiff, be vested in the plaintiff.    The court sustained a demurrer to the petition, and on appeal to the St. Louis court of appeals, that judgment was affirmed, and plaintiff has appealed to this court.

A question elaborately discussed in the brief of appellant's counsel and in the opinion delivered by the court of appeals, is whether Mrs. Boyce and one of her trustees could make a valid conveyance.    But whether she could, or not, a more important question, and one

equally decisive of the case, is whether, conceding that she had a right to convey, and that her covenants in her deed are obligatory upon her, they estop her children from asserting their title to the lots in controversy. The action is not one to remove a cloud from a good title,.but to take the fee-simple title out of defendants, and vest it in plaintiff. The title in fee-simple is admitted to be in the heirs, and the object of this suit is to set up an estoppel against them in equity based upon the covenants in the deed of Mrs. Boyce. These defendants, her children, do not derive their title from their mother, either by descent or by purchase. They claim under the will of Mrs. Biddle, and, if the covenants in Mrs. Boyce's deed are at all obligatory upon her children, they are answerable to the extent of the lands descended from her, or devised by her to them.

By section 7, General Statutes, page 442, revision of 1865, ''lineal and collateral warranties, with all their incidents, are abolished; but the heirs and devisees of every person who shall have made any covenant or agreement (shall be answerable upon such covenant or agreement), to the extent of the lands descended or devised to them in the cases and in the manner provided by law.'' Suppose that Mrs. Boyce had had no property at her death, not even that received by her from plaintiff in exchange for the lots in controversy, would it be contended that, by the covenants in her deed to plaintiff, her children would be estopped, either in law or in equity, from asserting their title? If she had but a life estate, that was all she could dispose of, and her covenants of warranty cannot have the magical effect of investing her grantee with an estate she did not have.

It is urged that it would be inequitable to permit defendants to hold the lots of land conveyed by plaintiff, and, also, recover the lots in controversy; but if they should recover these lots and the covenants in Mrs. Boyce's deed are binding upon her children, then, to the

extent of the estate they inherited from her, plaintiff will have his action on the covenants. If they were of no binding force, either upon her or her heirs, plaintiff certainly has no legal demand against them which can be enforced against these lots. He may have an equitable right to have the lots conveyed by him charged with a lien for the unpaid purchase price, which would be the value of the lots conveyed by Mrs. Boyce at the time of that conveyance, but in no event has he the right to have their title in the lots in question vested in him.

The judgment of the court of appeals is affirmed.