**Lillian E. COOK, Ethel Weaver and Ira Weaver, Respondents,**

v.

**Walter DANIELS and Edith Daniels, Appellants.**

No. 46118.

Supreme Court of Missouri,
Division No. 1.

Nov. 12, 1957.

Roberts & Roberts, J. Richard Roberts, Farmington, for appellants.

William H. Tandy, Rolla, Neale, Newman, Bradshaw, Freeman & Neale, Jean Paul Bradshaw, Paul L. Bradshaw, Springfield, for respondents.

HYDE, Judge.

Action to determine title to 100 acres of land in Maries County. The Court found and adjudged plaintiffs to be vested with fee simple title, one-third each and defendants have appealed.

The case was tried on an agreed statement of facts of which the original deeds involved are a part. It appears that on September 27, 1918, Allen Weaver, then owner of the land herein involved, conveyed it by warranty deed to his wife Myrtle Weaver and the heirs of her body. The deed was in usual form containing an unambiguous granting clause and a clear and absolute habendum clause. However, after the description of the land, it contained the following provision: "The Gran-

tor herein conveys to the said Myrtle Weaver, his wife, and to the heirs of her body, all his right, title and interest in the above land, to be effective at his death, reserving herein a life estate in said land, intending at the death of his wife, Myrtle Weaver, for the land to descend to the heirs of her body." Defendants contend this provision made the deed testamentary in character and invalid because not executed in the form and manner required of a will.

Defendants claim title through Nick C. Daniels, father of defendant Walter Daniels, who was grantee in a warranty deed from Allen Weaver and Myrtle Weaver, made November 19, 1926. Defendants had a warranty deed from some of the heirs of Nick C. Daniels and acquired the remaining interests as purchasers at a partition sale in 1949. Allen Weaver died in September, 1950, and Myrtle Weaver died in August 1955. Plaintiffs are the sole and only children and surviving heirs of Myrtle Weaver.

Defendants do not question the fact that legal title passed under the deed from Allen Weaver to his wife Myrtle Weaver, subject only to his marital rights by reason of the Married Women's Act, Secs. 451.-250–451.290. Statutory references are to RSMo and V.A.M.S.; see Hall v. Hall, 346 Mo. 1217, 145 S.W.2d 752, 755; Friedel v. Bailey, 329 Mo. 22, 44 S.W.2d 9, 14 and cases cited. Defendants cite and rely on Thorp v. Daniel, 339 Mo. 763, 99 S.W.2d 42; Goins v. Melton, 343 Mo. 413, 121 S.W.2d 821; Barker v. Barker, Mo.Sup., 219 S.W.2d 391. The provision in the Thorp case, 99 S.W.2d loc. cit. 43, upon which defendants mainly rely, was as follows: "Reserving however to the party of the first part a life interest in the above described land. It being the intention *that this deed shall not take effect* till the death of the party of the first part. The party of the first part further stipulates that in case the party of the second part shall die without children that the land herein described *shall pass by this deed* to the grandchildren equally of the party of

the first part." (Emphasis ours.) There are three important differences between the deed in the Thorp case and the one herein involved. In the first place, it emphatically states "that this deed shall not take effect till the death of the party of the first part." Second, the reservation was not of a life estate but "a life interest" which in connection with the other clauses of the provision seems to have meant the grantor intended to keep the whole title until her death. Third, and very important in showing the grantor's intent, was the direction that, if the grantee died without children, the land "shall pass by this deed" equally to grantor's grandchildren. This was about the strongest possible indication that the grantee should get no interest during the grantor's lifetime and would never get anything by the deed unless he outlived the grantor. For these reasons, we held the deed was testamentary. The provision in the Goins case, 121 S.W.2d loc. cit. 823, not only retained to the grantor the right to sell any or all of the land described but also stated that "at his death the title to all, or whatever part remains unsold, to pass to and vest in the grantee together with all his personal property and belongings." Certainly providing for personal property to vest in the grantee at the same time as the title to the land (at the grantor's death) was a strong indication of the grantor's intention to make a testamentary disposition. It is obvious that these provisions of the deeds construed in the Thorp and Goins cases were very different from the provision in the deed in this case.

In the provision in the Barker case, 219 S.W.2d loc. cit. 392, as in this case, there was a clear reservation of a life estate. It was therein stated that *"said deed shall be effective and in full force from and after my decease."* The provision herein is stronger as a present conveyance because it states the grantor "conveys * * * all his right, title and interest * * * to be effective at his death." We held the deed in the Barker case valid,

saying: "The intention as gathered from the entire reservation clause in our opinion is that the grantee should not have the right of possession until the death of the grantor. The clause that the 'deed shall be effective and in full force from and after my decease' was intended to emphasize the fact that a life estate had been reserved." We think this ruling and reasoning is applicable in this case. See also Dawson v. Taylor, Mo.Sup., 214 S.W. 852; 5 Mo.Law Review 350; 15 Mo.Law Review 383; Annotation 31 A.L.R.2d 532; St. Louis County National Bank v. Fielder, 364 Mo. 207, 260 S.W.2d 483, 485. Defendants say the term "descend to the heirs of her body" in the last clause of the deed herein involved reflects thoughts of testamentary disposition, citing 12 Words and Phrases, Descend, p. 320. While this term is used inaccurately because under Sec. 442.490 the heirs of the body of the grantee "take as purchasers" and not by descent (Grimes v. Rush, 355 Mo. 573, 197 S.W.2d 310, 312) we cannot see that this has any bearing on the question of whether the deed is testamentary. The word "descend" correctly refers to intestacy (see Sec. 468.010; Sec. 474.010 Supp. 1955; 26A C.J.S. p. 502) but it is used as a word of transfer and may be so construed, as the above citation to Words and Phrases shows. See also definitions of "descend" and "descent" in Black's Law Dictionary, 4th Ed. 530–531; 26A C.J.S. Descent & Distribution § 1, p. 511. Certainly, it is clear that the land involved was intended to be conveyed by this deed to the heirs of the body of the grantee as remaindermen. We hold this deed was not testamentary and that it was a valid conveyance of a life estate to the grantee with remainder in fee simple to the heirs of her body, reserving a life estate to the grantor. See Mattingly v. Washburn, 355 Mo. 471, 196 S.W.2d 624, 626 and cases cited; Bullock v. Porter, 365 Mo. 572, 284 S.W.2d 598. Therefore, the subsequent deed of plaintiffs' father and mother could convey only their life estates to their grantee, under whom defendants claim; and those life estates so conveyed have terminated.

Defendants further contend that, even if the deed was not testamentary, plaintiffs should be estopped from asserting interests under it because they are bound by the warranties in the deed made by their parents to defendants' predecessor in title on November 19, 1926. However, estoppel is an affirmative defense which must be pleaded. Howard National Bank & Trust Co. v. Jones, Mo.Sup., 243 S.W.2d 305, 307; Grafeman Dairy Co. v. Northwestern Bank, 290 Mo. 311, 235 S.W. 435; Thompson on Real Property, Sec. 2527. Defendants did not plead it and we certainly cannot say that it appears from the facts in the record. On the contrary, these facts show there could be no estoppel. The applicable principle is that "where one is bound by an estoppel his heirs are also bound to the extent that the estoppel was enforceable against the ancestor on the ground that the heir stands in privity with the ancestor"; but "where the heir claims title to the property by purchase, and not by descent, a warranty will not create an estoppel as against such an heir." Thompson on Real Property, Sec. 2526; 31 C.J.S. Estoppel § 53, p. 230; 26A C.J.S. Descent & Distribution § 126, p. 831; 16 Am.Jur. 801, Sec. 33; 19 Am.Jur. 812, Sec. 155; Oliver v. Piatt, 3 How. 333, 412, 11 L.Ed. 622, 658; McSwain v. Griffin, 218 Miss. 517, 67 So.2d 479. In the Oliver case Justice Story said: "Another objection taken at the argument is, that Baum's heirs cannot insist upon any title to the property in question, because they are bound by the warranty of their ancestor in the conveyance thereof to Oliver. But this objection has no foundation whatsoever in law, whether the warranty be lineal or collateral; for the heirs here do not claim any title to the property by descent, but simply by purchase; and it is only to cases of descent that the doctrine of warranty applies."

The matter is covered in this state by Sec. 442.500 which includes lands devised as well as lands descended, providing: "Lineal and collateral warranties, with all their incidents, are abolished; but

the heirs and devisees of every person who shall have made any covenant or agreement shall be answerable, upon such covenant or agreement, to the extent of the lands descended or devised to them, in the cases and in the manner prescribed by law; * * *." Certainly plaintiffs did not take the land herein involved either by descent or by devise and there is nothing in the record to show any lands "descended or devised" to them. In the cases cited by defendants (Ragan v. McElroy, 98 Mo. 349, 11 S.W. 735; Foote v. Clark, 102 Mo. 394, 14 S.W. 981, 11 L.R.A. 861; Rumsey v. Otis, 133 Mo. 85, 34 S.W. 551) land was "descended or devised" to the parties involved, so they are not in point on estoppel of one who takes by purchase. See also Barlow v. Delaney, 86 Mo. 583. There is good reason for application of estoppel against heirs only to the extent of lands "descended or devised" and not to lands they take as purchasers. Liability on a covenant of warranty is in the nature of a debt; and heirs should be entitled to receive property by descent or devise only after satisfaction of the debts of their ancestor or testator. Persons, who take title as purchasers under a deed executed long before the death of an ancestor or testator, should not be deprived of the interest conveyed to them by any subsequent act of their grantor, who has divested himself of all his rights in the property by executing it. While a deed may be set aside for fraud or mistake in its execution, nevertheless, if once valid, its effect as a valid transfer to the grantees cannot be changed by what the grantor does after he has made a valid conveyance. We think this is a good basis for the common law rule stated by Justice Story and for our statute, Sec. 442.500. In any event, we hold that is what our statute means.

The judgment is affirmed.

All concur.