In the Matter of Howard J. GARTEN and Anna Rochelle Garten, Debtors.

Arthur B. FEDERMAN, trustee in bankruptcy, Plaintiff,

v.

Howard J. GARTEN, Anna Rochelle Garten, Hubert H. Stark and Opal L. Stark, Defendants.

Bankruptcy No. 84–00445–S. J.
Adv. No. 84–0346–SJ.

United States Bankruptcy Court,
W.D. Missouri,
St. Joseph Division.

June 7, 1985.

Arthur B. Federman, Kansas City, Mo., for plaintiff.

William Y. Frick, Kirksville, Mo., for Starks.

Hugh A. Miner, St. Joseph, Mo., for Gartens.

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND FINAL JUDGMENT FOR PLAINTIFF

DENNIS J. STEWART, Bankruptcy Judge.

■ The plaintiff trustee in bankruptcy seeks recovery of certain real estate located in Putnam County, Missouri, on the ground that it is property of the debtors which, by operation of section 541 of the Bankruptcy Code, became property of the bankruptcy estate as of the date of bankruptcy. The defendants, in responding to the complaint, resist turning over the property to the estate on the ground that the property rights involved have not vested in them as of the date of bankruptcy. The action came on before the court for hearing of its merits on January 30, 1985, in St. Joseph, Missouri, whereupon the parties filed the following stipulation of material facts and submitted the action for decision on the basis thereof plus posttrial briefs:

"1. On February 14, 1984, the Debtors filed the above styled petition in the United States Bankruptcy Court, Western District of Missouri, St. Joseph Division.

2. Venue is laid in this court pursuant to 28 U.S.C. section 1473(a).

3. Pursuant to a 'General Warranty Deed' dated March 19, 1979, filed with the County Recorder of Putnam County on March 19, 1979, and delivered to the Gartens, Hubert H. Stark and Opal L. Stark transferred the following described real estate to the Debtors '(s)ubject to a life estate for the terms of life of the longest to live of the said parties of the first part (Starks), reserved unto them as tenants by the entirety.' The land located in Putnam County, Missouri, was described as:

The East half of the southeast quarter of section twenty-one (21), township sixty-six (66) north, range twenty-one (21) out of the Northeast corner thereof which lies North and East of Missouri fair-to-market highway as now located. Containing 74 acres, more or less ...

4. Subsequent to March 19, 1979, the Debtors constructed on the above-described property a dairy barn with automated feeders and milkers, pens and concrete loafing areas. Such items of personal property are affixed to such real estate as fixtures."

It is the contention of the defendants that, because of the intervening life estate, no estate vested in the debtors on the date of the transfer on March 19, 1979, and, in fact, none has yet vested. Accordingly, they contend that none of the provisions of section 541 which grants the bankruptcy estate all of the debtor's legal and equitable interests as of the date of bankruptcy, is applicable. The trustee, however, asserts that, under the governing state law, the conveyance of a fee simple, reserving a life estate, acts as a present conveyance of the property and, therefore, the property was property of the estate as of the filing of the bankruptcy petition on the date of bankruptcy. It is unquestionable that the issue is governed by state law. As to what constitutes property of a debtor at the commencement of a title 11 case, state law governs. Section 541 of the Bankruptcy Code, which defines the bankruptcy estate to include "all legal or equitable interests of the debtor in property as of the commencement of the case," "is not intended to expand the debtor's rights against others more than they exist at the commencement of the case." *Matter of Anderson*, 12 B.R. 483, 488 (Bkrtcy.W.D.Mo.1981). "It is very clear that state law determines the nature and extent of a debtor's interest in property as of the commencement of a bankruptcy case." *In re Drewett*, 34 B.R. 316, 318 (Bkrtcy. E.D.Pa.1983). The land purporting to have been conveyed being in Missouri, Missouri law controls the issue. And the Missouri authorities on this issue clearly hold that a

conveyance to another, reserving unto the conveyor a life estate, causes the fee simple to vest immediately in the conveyee in the absence of words or actions evidencing a contrary intention. See, e.g., *Cook v. Daniels*, 306 S.W.2d 573 (Mo.1957). In that case, the conveyance was to the conveyee and the heirs of her body of all the conveyor's "right, title and interest ..., to be effective at (conveyor's) death, reserving herein a life estate in said land, intending at the death of his wife, Myrtle Weaver, for the land to descend to the heirs of her body." The Supreme Court of Missouri held that the clause that the "deed shall be effective and in full force from and after my decease" "was intended to emphasize the fact that a life estate had been reserved"; that the deed was effective upon delivery; and that "this deed was not testamentary and ... was a valid conveyance of a life estate to the grantee with remainder in fee simple to the heirs of her body, reserving a life estate to the grantor." 306 S.W.2d at 576. Thus, a present interest was conveyed at the time of the delivery of the deed. In this case, in which there is no factual issue raised as to whether the deed was delivered on March 19, 1979, there can be even less question than in *Cook v. Daniels, supra*, that a present interest in property was conveyed to the debtors as of March 19, 1979. For, in this case, unlike *Cook v. Daniels, supra*, there was no language to the effect that the deed was not to have effect until the death of the grantor.

■ Further, as observed above, it is stipulated by and between the parties to this action that the general warranty deed of March 19, 1979, was "filed with the County Recorder of Putnam County on March 19, 1979, and delivered to the Gartens." That delivery "gives the instrument force and effect" and signifies an intention "to pass immediate title to the grantee." *Cleary v. Cleary*, 273 S.W.2d 340, 345, 346 (Mo.1954); *Wilkie v. Elmore*, 395 S.W.2d 168, 172 (Mo.1965). And, generally, under Missouri law, "(w)hen a deed conveying a fee reserving a life interest in the grantor is delivered to the grantee, title to the fee passes subject to a life estate even though

a clause in the deed following the reservation provides the deed is to take effect upon the death of the grantor." *Barker v. Barker*, 219 S.W.2d 391, 392 (Mo.1949). In order to postpone the vesting of any estate in the grantee, the grantor must specifically so state in the deed or else take measures to ensure that the deed is not delivered to the grantee. *Beauchamp v. Beauchamp*, 381 S.W.2d 804, 806 (Mo.1964). Those are not the facts of this case, as stipulated. Under the governing Missouri law, this court must therefore conclude that, upon delivery of the deed on March 19, 1979, to the debtors, the grantors thereby vested in them title to the fee simple subject to a life estate in themselves. And, when the debtors filed their petition for relief under title 11 of the United States Code, that present interest, by operation of section 541 of the Bankruptcy Code, became property of the bankruptcy estate.

■ In light of the very particularized and specific holdings of the governing Missouri case law, as set out above, this court regards the defendants' arguments from general authorities and from the law of other states to be inapposite. But even those authorities support the result in the action at bar. And the Starks, in their brief, recognize that the interest has vested. Their argument, however, is that "the Debtors hold a vested remainder interest in the land in question, which interest is alienable, subject to partition and subject to be taken and sold on execution." It is therefore contended that "the Debtors' interest did not, and will not at any determinable time, come into full and complete vesting, the one hundred and eighty (180) day exclusionary rule of (section 541(a)(5) of the Bankruptcy Code) should apply and the Debtors' remainder interest excluded from the bankruptcy estate." In respect of the type of estate which has been conveyed in the action at bar, however, the right of the

life tenant to alienate applies only to the life estate. The authorities cited above hold that when the fee simple is conveyed subject to a life estate, the life tenants "could convey only their life estates to their grantee." *Cook v. Daniels, supra*, at 576. The authorities cited on this issue by the defendants Stark apply to contingent remainders.[1]

■ The defendants Stark further contend, however, that the fee or remainder interest has not vested in the sense that the life tenants may outlive the grantees. Thus, in their brief filed March 4, 1985, they state that:

"In view of the agreed ages of the Defendants Stark, and known and established life expectancies of which this Court may take judicial notice, and of the distinct possibility that neither of the Debtors may outlive both of the Defendants Stark (a situation which would render the Debtors' remainder interest utterly valueless), it is obvious that a present sale by the Trustee of the Debtors' remainder interest would result in a pittance for a purchase price. It is significant that the Trustee has made no effort to cause an appraisal to be made of the value of the Debtors' remainder interest and has not, in fact, even made a speculative suggestion to the Court concerning this value."

But while this consideration may have some tendency to devalue the trustee's interest in the property, it cannot negate the fact that the trustee does in fact have a vested interest in it. "Remainder estates do not necessarily become contingent because they are limited to take effect on the death of a life tenant." *Uphaus v. Uphaus*, 315 S.W.2d 801, 805 (Mo.1958). Rather, "(i)t is characteristic of a vested remainder that the legal title comes to reside at once in an identifiable person or persons, although his or their possession

---

**1.** Even those cases, furthermore, recognize that a contingent remainder is a "valuable interest" in property. See *State ex rel. Cooper v. Cloyd*, 461 S.W.2d 833, 838, 839 (Mo. en banc 1971) ("(A) contingent remainder ... is 'more than a mere possibility of an estate' and is alienable and subject to seizure under executions ... It is 'an interest in real estate.' ... We are not persuaded that ... (the contingent remaindermen) are without financial interest in the estate. Instead, we believe their contingent interest is a valuable interest in the estate ..."); *McNeal v. Bonnel*, 412 S.W.2d 167, 169 (Mo.1967).

may be postponed until termination of the preceding estate." *Graves v. Hyer*, 626 S.W.2d 661, 664 (Mo.App.1981). The trustee does not now ask this court to value the interest which has passed to the estate, but only to declare that it is in fact property of the estate. It is apparent, from the foregoing, that the trustee is entitled to such a declaration. Accordingly, it is hereby

ORDERED, ADJUDGED AND DECREED that the above described property and the improvements thereon, including the dairy barn with automated feeders and milkers, pens and concrete loafing are property of the within estate in bankruptcy, subject to the life estate of the named life tenants, pursuant to section 541 of the Bankruptcy Code.